

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00525-CR

CHARLES LEVI MILLER                                                   APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Charles Levi Miller of aggravated assault with a deadly weapon, and the trial court sentenced him to fifteen years' confinement on June 16, 2010. Appellant did not file a motion for new trial, so his notice of appeal was due July 17, 2010. *See* Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days of sentencing in the absence of a timely-filed motion for new trial). He did not file his notice of appeal until December 2, 2010; thus, it was untimely.

---

[1]*See* Tex. R. App. P. 47.4.

Accordingly, we informed Appellant by letter on December 9, 2010, that this appeal was subject to dismissal unless Appellant or any party showed grounds for continuing the appeal on or before December 20, 2010. Appellant and his appointed counsel responded, but the responses do not show grounds on which this court may rely for continuing this appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Id.* The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Only the Texas Court of Criminal Appeals may grant Appellant an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010); *Olivo*, 918 S.W.2d at 525 n.8; *Cotton v. State*, No. 02-10-00001-CR, 2010 WL 520814, at *1 (Tex. App.—Fort Worth Feb. 11, 2010, pet. ref'd) (mem. op., not designated for publication).

Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction. *See* Tex. R. App. P. 26.2(a)(1), 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 13, 2011